UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES HINES,

    Petitioner,

vs.    Case No. 3:20-cv-833-J-39PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

### I. INTRODUCTION

Petitioner Charles Hines, proceeding on a Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Second Amended Petition) (Doc. 12), challenges his state court (Suwannee County) conviction for attempted robbery, felony murder, and tampering with evidence. Apparently, through his Second Amended Petition, Petitioner claims he is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Upon review, the Court concludes Petitioner is not entitled to habeas relief and the Second Amended Petition should be denied and the case dismissed.

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus and "prescribes a deferential framework for evaluating issues previously decided in state court[,]" Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted), petition

for cert. filed, (U.S. Nov. 6, 2020), limiting a federal court's authority to award habeas relief.  See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").  The Eleventh Circuit explains:

> [federal courts] are prohibited from granting a state prisoner's habeas corpus petition unless the relevant state court decision on the merits of the petitioner's claim 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'

James v. Warden, Holman Correctional Facility, 957 F.3d 1184, 1190 (11th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(1)-(2)), petition for cert. filed, (U.S. Nov. 18, 2020).   This high hurdle is further described:

> A decision is "contrary to" clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if the court identifies the correct legal principle but applies it unreasonably to the facts before it. Id. "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 167 L.Ed.2d 836 (2007).

James, 957 F.3d at 1190-91.

A state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)). As such, a federal district court may not supersede a state trial court's determination simply because reasonable minds may disagree about the finding. Id. (quotation and citation omitted).

Of import, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## II.  GROUND ONE

> GROUND ONE:  "Fundamental miscarriage of justice to deny 3.850 newly discovered evidence claim 'without' attachments/not holding evidentiary hearing[.]"

Second Amended Petition at 5.

In his supporting facts, Petitioner explains, the state circuit court and the First District Court of Appeal denied Petitioner's Rule 3.850 motion but neither court attached any portions from the record to support their decisions.  Id.  As relief, Petitioner asks this Court to schedule an evidentiary hearing on his claim.  Id. at 12.

Petitioner's claim raised in ground one does not present a viable claim for post-conviction relief.  He is claiming a defect in a state collateral proceeding.  Such a claim is not cognizable on federal habeas review as "defects in state collateral proceedings do not provide a basis for habeas relief."  Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 558 U.S. 995 (2009).

Thus, the claim raised in ground one is not a claim of constitutional dimension. Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325-26 (11th Cir.) (recognizing that challenges to a collateral proceeding do not undermine the legality of the conviction itself; therefore, habeas relief is inappropriate), cert. denied, 562 U.S. 1113 (2010). See Jeffus v. Sec'y, Fla. Dep't of Corr., 759 F. App'x 773, 776 (11th Cir. 2018) (per curiam) (finding claims concerning alleged defects in subsequent habeas proceedings are not cognizable under § 2254 as they do not undermine the legality of the petitioner's detention or conviction).  As such, Petitioner is not entitled to habeas relief on ground one.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Second Amended Petition for Writ of Habeas Corpus (Doc. 12) is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Second Amended Petition for Writ of Habeas Corpus (Doc. 12), **the Court denies a certificate of appealability**.[1] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of December, 2020.

_____
BRIAN J. DAVIS
United States District Judge

---

[1] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

sa 12/2
c:
Charles Hines
Counsel of Record